OPINION
Mr. Rodgers is appealing from the three-year incarceration sentence imposed upon him by the trial court, following a bench trial for the offense of burglary, a second degree felony. On appeal, Mr. Rodgers questions only the sentence given him in the following sole assignment of error:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT SENTENCED THE APPELLANT TO A TERM OF INCARCERATION AND FURTHER WHEN IT SENTENCED APPELLANT TO MORE THAN THE MINIMUM SENTENCE WITHOUT JUSTIFICATION AS PROSCRIBED UNDER ORC 2929.11 THROUGH 2929.14."
The appellant's argument, first, that the court committed error when it sentenced him to a term of incarceration, is without merit. The permissible sentence for a second degree felony is a term of two to up to eight years. R.C. 2929.14(A)(2).
As to the length of the sentence, the following excerpt from the transcript of the sentence hearing is appropriate:
 "JUDGE MacMILLAN: The Court has reviewed the Pre-Sentence Report, and notes that the Defendant has multiple convictions that involve drugs, domestic violence, petty theft, criminal damaging. It's true they're all misdemeanors, but conduct, of course, that requires repeated appearance in Court. And he has been sentenced any number of times, and that hasn't changed his conduct.
 "What has happened to the assault charge that's been filed, claiming on June 16th, he was charged with the an assault on a Corrections Officer?
 "MS. MELNICK: Your Honor, if I may, that charge is currently pending before Judge Gorman. Uh . . . based on the competency evaluation that was going on in this case, nothing has happened on that case, uh . . . until, uh . . . yourself, Your Honor, would make a finding of competency in this case and allow everything really to proceed from here on out.
 "JUDGE MacMILLAN: Actually before us today then, there's a determination to be made as to competency?
 "MS. MELNICK: That's correct, Your Honor. It's my understanding, uh . . . after the trial, the Defense Counsel filed an, uh . . . — an additional Competency Motion to determine whether or not, uh . . . the Defendant would be competent to be sentenced.
 "JUDGE MacMILLAN: Yes, I have a forensic evaluation that, uh . . . indicates that he was examined on July 28th, 2001.
 "Do Counsel wish to stipulate as to the contents of this evaluation made on the 28th of July, and the cover letter of August the 8th? Have you received a copy or have you reviewed that?
 "MS. SORRELL: Yes, Your Honor, I did. I will stipulate that that's what the doctor would testify to if called, uh . . . to testify in the Court.
 "MS. MELNICK: The State will stipulate as well, Your Honor.
 "JUDGE MacMILLAN: All right. From this report, then, the Court will find that he remains competent to stand trial. And that any behavior appears to be malingering. That's a — a matter that several of the examiners have reached that same conclusion.
 "And the Court will find that Mr. Rodgers is not mentally ill that will interfere either with his plea or with the — this time of sentencing.
 "On that basis, and having considered the Probation Report, and all the facts therein, the Court believes that the sentence for Burglary should be a three-year sentence, that he should be fined a matter of one thousand dollars, and that he will, of course, be given credit for the time that he spent in our county jail against that prison sentence."
The second count, the assault charge, was subsequently dismissed by the State. Tr. 8; Doc. 46.
The sentencing guidelines found in R.C. 2929, the State correctly describes as "a convoluted array of statutory tests." Brief, 1. The guidelines provide that the court should impose the minimum incarceration sentence when the defendant is convicted of a felony, a prison sentence is imposed, and the defendant has not previously served a prison term. Unless the court "finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C.2929.14(B). The Supreme Court has held that "the code does not specify that the sentencing judge must use specific language or make specific findings on the record in order to evince the requisite consideration of the applicable seriousness and recidivism factors." R.C. 2929.12.State v. Arnett (2000), 88 Ohio St.3d 208, 215, 2000-Ohio-302.
We find that while the trial court did not use the "magic words" stated in the statute, it was clearly considering the recidivism factor and the slightly longer than minimum term that was imposed can be based on that factor alone, pursuant to the statute.
The sole assignment of error is overruled and the judgment is affirmed.
WOLFF, P.J. and BROGAN, J., concur.